UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENUSTIANO SERRANO MEJIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF FCI MENDOTA,<br><br>Respondent. | No.  1:26-cv-04791-CDB (HC)<br><br>ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION<br><br>**30-Day Deadline**<br><br>Clerk of the Court to Serve Habeas Petition Form |

Petitioner Venustiano Serrano Mejia ("Petitioner"), a federal detainee, commenced this action pro se on June 23, 2026, with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while in custody of the U.S. Bureau of Prisons (BOP) at Federal Correctional Institute – Mendota, located in Mendota, California.  (Doc. 1).

**Preliminary Screening**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  *See* 28 U.S.C. § 2241.  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary

1

review of each petition for writ of habeas corpus.[1] Pro se habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief." Habeas Rule 4; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding"). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks*, 908 F.2d at 491. A petition for habeas corpus should not be dismissed without leave to amend "unless it appears that no tenable claim for relief can be pleaded were such leave to be granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

**Discussion**

Petitioner alleges that he has participated in "Evidence-Based Recidivism Reduction Programs and Productive Activities during his incarceration," and earned time credits therefrom, pursuant to 18 U.S.C. § 3632(d)(4) (the "First Step Act"). Petitioner asserts that, despite this, BOP has failed to properly calculate and apply time credits which he is eligible to receive. (Doc. 1 at 4). But Petitioner otherwise alleges no facts supporting or relating to these claims. For instance, Petitioner does not identify which specific programs he participated in, the dates and times during which he participated in them, the quantity of time credits he earned from the programs, the quantity which has been improperly calculated or denied, and any basis proffered by BOP for the denial.

As such, the petition is devoid of sufficient information for the Court to evaluate Petitioner's request on the merits. *See* (Doc. 1). Accordingly, the Court preliminarily concludes that Petitioner's petition fails to state a claim under 28 U.S.C. § 2241. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Vang v. Arias*, No. 2:24-cv-1644-JDP (P), 2025 WL 671575, at *1

---

[1] The Rules Governing § 2254 cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

(E.D. Cal. Mar. 3, 2025) (noting that "petitioner offers no facts to support" his claim that no substantial evidence supported his conviction and, as such, he failed to state a claim, and granting leave to amend the petition).

Petitioner will be granted leave to file an amended petition that remedies the deficiencies identified above. In any amended petition, Petitioner may not rest on conclusory assertions that BOP has failed to properly award him earned time credits; rather, he must allege facts in support of such a claim as further described above. *See Hendricks*, 908 F.2d at 491.

**Conclusion and Order**

For the foregoing reasons, the Court HEREBY ORDERS:

1. The Clerk of the Court is directed to send Petitioner a habeas petition form.

2. **Within 30 days** of service of this order, Petitioner SHALL FILE either:

    a. An amended petition correcting the deficiencies set forth above;

    *or*

    b. A notice of voluntary dismissal (Fed. R. Civ. P. 41 (a)(1)(A)(i)).

**If Petitioner fails to comply with this order, the undersigned will recommend that the petition be dismissed for failure to comply with court orders and failure to prosecute**.

IT IS SO ORDERED.

Dated:   **June 25, 2026**   _____
UNITED STATES MAGISTRATE JUDGE