UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENUSTIANO SERRANO MEJIA,<br>Petitioner,<br>v.<br>WARDEN, FCI MENDOTA,<br>Respondent. | No. 1:26-cv-04791-CDB (HC)<br>FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENT'S MOTION TO DISMISS<br>(Doc. 9)<br>Clerk of the Court to Assign District Judge |

**Background**

Petitioner Venustiano Serrano Mejia ("Petitioner"), a federal prisoner proceeding pro se and *in forma pauperis*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a first amended petition on July 16, 2026. (Docs. 1, 5).

Following a preliminary review of the petitions and finding that it is not clear whether Petitioner is entitled to relief, on July 27, 2026, the Court ordered Respondent to file a response. (Doc. 6). Following the Court's grant of a brief extension of time, on September 24, 2026, Respondent timely filed a motion to dismiss. (Doc. 9). Respondent's motion is based in part on an argument that Petitioner is statutorily barred from being awarded the relief he seeks as the subject of a final order of removal. *See id.*

Respondent's motion to dismiss is substantially similar to motions to dismiss he has filed in similar actions and raises identical arguments the undersigned and district judges of this Court

have squarely rejected. *E.g., Farias-Figueroa v. Warden, FCI Mendota*, No. 1:26-cv-03688-JLT-CDB (HC), 2026 WL 2018613 (E.D. Cal. July 13, 2026), *F&R adopted by* 2026 WL 2741665 (Sept. 16, 2026). Accordingly, although Petitioner's time to file an opposition has not run, the Court deems an opposition unnecessary and submits the motion on the pleadings and the parties' briefs. *See* Local Rule 230(g).

**Legal Standard**

**A. Motion to Dismiss**

Under Rule 4 of the "Rules Governing Section 2254 Cases in the United States District Courts," if a petition seeking a writ of habeas corpus is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4.[1] The Advisory Committee Notes to Habeas Rule 4 provide that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Habeas Rule 4. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). A district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

**B. The First Step Act**

The First Step Act ("FSA") was enacted on December 21, 2018, and implemented several prison and sentencing reforms, including provisions governing computation of good time credits, reducing and restricting mandatory minimum sentences, safety valve eligibility, retroactive application of the FSA, and the availability of early release. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

With respect to earned time credits ("ETCs"), the Ninth Circuit has described the FSA's amendments as follows:

> [P]aragraph 102(b)(1) amends [18 U.S.C.] § 3624 by adding subsection (g), which is relevant to the Act's creation of an earned time credit system. [132 Stat.] at 5210-13. The Act requires that, within 210 days of its enactment, the

[1] The Rules Governing § 2254 cases in the United States Courts ("Habeas Rules") are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

> Attorney General establish a "risk and needs assessment system" to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624." § 101(a), 132 Stat. at 5196-97. Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release. § 102(b), 132 Stat. at 5210-13.

*Bottinelli v. Salazar*, 929 F.3d 1196, 1197-98 (9th Cir. 2019). In accordance with 18 U.S.C. § 3622, the United States Department of Justice published the risk and needs assessment system on July 19, 2019.[2] Pursuant to 18 U.S.C. § 3621(h)(1), all inmates in the U.S. Bureau of Prisons ("BOP") system were to receive an initial assessment using the risk and needs assessment system known as the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN") by January 15, 2020.[3] On January 13, 2022, the Department of Justice announced that the BOP had finalized the FSA time credit rule, and on January 19, 2022, the final rule was published. FSA Time Credits, 87 Fed. Reg. 2705-01, 2022 WL 159155 (Jan. 19, 2022) (codified at 28 C.F.R. §§ 523.1, 523.2, 541.40 *et seq.*). Prisoners "who successfully complete[ ] evidence-based recidivism reduction programming or productive activities" "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A). A prisoner determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(ii).

Relevant here, inmates who are "the subject of a final order of removal" are not eligible for application of ETCs under the FSA. *See* 18 U.S.C. § 3632(d)(4)(E)(i); *Morales-Ramirez v. Arviza*,

---

[2] Press Release, *Department of Justice Announces the Release of 3,100 Inmates Under First Step Act*, Publishes Risk and Needs Assessment System (July 19, 2019), https://www.justice.gov/opa/pr/department-justice-announces-release-3100-inmates-under-first-step-act-publishes-risk-and (last visited July 13, 2026).

[3] Press Release, *Department of Justice Announces Enhancements to the Risk Assessment System and Updates on First Step Act Implementation* (Jan. 15, 2020), https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act (last visited July 13, 2026).

No. 24-3681, 2025 WL 618362, at *1 (9th Cir. Feb. 26, 2025).

**Discussion**

**A. Petitioner's Claims**

Petitioner alleges that he has participated in evidence-based recidivism reduction programming and, thus, is entitled to the award of ETCs under the FSA. (Doc. 1 at p.2 & ¶8). Petitioner alleges that BOP has refused to properly calculate and apply his ETCs toward his prerelease custody. *Id*. at p.2 & ¶10. He advances five claims for relief, all based on his allegation that BOP has impermissibly deprived him of application of ETCs and seeks in relief an order from this Court directing BOP to calculate and apply all ETCs to his release date. *Id.* at 10.

Petitioner also alleges in his petition that he should be relieved of the requirement to exhaust administrative remedies prior to commencing this action, arguing that exhaustion would be futile based on BOP's lack of "authority to invalidate its own interpretations of the First Step Act or provide the judicial relief sought herein." *Id.* at 5.

**B. Respondent's Motion to Dismiss and Plaintiff's Opposition**

Respondent moves to dismiss the petition on the grounds that Petitioner is statutorily ineligible to earn and receive ETCs because he is the subject of a final order of removal. (Doc. 7 at 4-6) (citing *inter alia* 18 U.S.C. § 3632(d)(4)(E)).[4] Specifically, Respondent asserts that Petitioner became the subject of an expedited order of removal that became final in May 2006. In a supporting declaration, a BOP senior correctional programs specialist attests that BOP has deemed Petitioner ineligible to receive ETCs based on BOP's receipt of two immigration detainers

---

[4] Respondent also moves to dismiss on the grounds that Petitioner failed to exhaust his administrative remedies prior to commencing this habeas action. *Id.* at 2-4. Petitioner concedes he did not exhaust his administrative remedies but asserts he should be relieved of any such obligation because exhaustion would be futile (*see supra*). Given BOP and Respondent's position that Petitioner is ineligible to have ETCs applied to his release date, the exhaustion requirement should be waived because it would be futile for Petitioner to seek recourse administratively. *See Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (reiterating that "where the agency's position on the question at issue appears already set, and it is very likely what the result of recourse to administrative remedies would be, such recourse [to administrative remedies] would be futile and is not required" under § 2241) (quoting *El Rescate Legal Servs., Inc. v. Exec. Office of Immigration Review*, 959 F.2d 742, 747 (9th Cir. 1991)) (internal quotation omitted).

from the U.S. Department of Homeland Security ("DHS"), dated January 2, 2025, in which DHS indicates that Petitioner is the subject of a final order of removal. *See* (Doc. 9-1, "Exhibit 1" ¶¶ 9-10) (citing Attachments 1-3). The declarant also attests that Petitioner has not exhausted BOP's administrative remedies. *Id.* ¶¶ 11-13 (citing Attachment 4).

Respondent separately attaches to his motion a purported "Notice to Alien Ordered Removed/Departure Verification," dated May 19, 2006. (Doc. 9-1, "Exhibit 2" at 23). The order of removal reflects that it was served upon and signed by Petitioner on the date of his removal pursuant thereto from the Nogales, Arizona, port of departure. *Id.* at 23-25.

**C. Analysis**

Inmates who are the subject of a final order of removal are not eligible for application of earned time credits under the FSA. *See* 18 U.S.C. § 3632(d)(4)(E). An order of removal issued by an immigration officer and approved by a supervisor pursuant to Section 235(b) of the Immigration and Naturalization Act ("INA") constitutes a final order of removal. *See Mendoz-Linares v. Garland*, 51 F.4th 1146, 1153 (9th Cir. 2022) (citing 8 U.S.C. § 1252(a) & (b)); 8 C.F.R. § 235.3(b)(7) ("Any removal order entered by an examining immigration officer pursuant to section 235(b)(1) of the Act must be reviewed and approved by the appropriate supervisor before the order is considered final.").

Here, Petitioner was the subject of a removal order issued in expedited proceedings pursuant to Section 235(b) of the INA by an immigration officer and approved by a supervisor. *See* (Doc. 9-1). Thus, prior to the government's execution of that order of removal, Petitioner *was* the subject of a final order of removal and, thus, ineligible *at that time* to earn and have applied ETCs under the FSA. *Perlaza v. Warden*, No. 1:24-cv-00693-JLT-EPG-HC, 2024 WL 4931176, at *3 (E.D. Cal. Dec. 2, 2024) (citing cases), *F&R adopted by* 2025 WL 217979 (Jan. 16, 2025). Accord, *Onebunne v. Warden*, No. 1:25-cv-00103-KES-SKO (HC), 2025 WL 2483346, at *1 (E.D. Cal. Aug. 28, 2025) ("The First Step Act expressly disallows inmates subject to a final order of removal from receiving earned time credits to reduce the length of their incarceration.") (citing 18 U.S.C. § 3632(d)(4)(E)(i)).

However, as Respondent acknowledges, the government executed Petitioner's final order

of removal and removed him from the United States on May 2, 2019. (Doc. 9 at 2) (citing Doc. 9-1, Exhibit 2). "ICE lacks the legal authority to subject an individual to deportation based on the same removal order more than once." *Rodriguez-Garcia v. Warden, FCI-Herlong*, No. 2:23-cv-0849-SCR-P, 2025 WL 755698, at *4 (E.D. Cal. Mar. 10, 2025) (citing *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007) (en banc)), *F&R adopted by* 2025 WL 1151006 (Apr. 18, 2025). Rather, if the government seeks to give effect to an already-executed final order of removal, that order must be "'reinstated' by an authorized official." *Morales-Izquierdo*, 486 F.3d at 487.

Here, Respondent does not proffer any competent evidence demonstrating that Petitioner's already-executed final order of removal was "reinstated." Instead, he argues that "following a finding by the Attorney General that Valencia illegally reentered the United States following removal, 'the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.'" (Doc. 9 at 6) (quoting 8 U.S.C. § 1231(a)(5)). While that generally is correct, Respondent has not proffered "a finding by the Attorney General" or a designated or otherwise authorized official (such as an immigration enforcement agent) necessary to reinstating Petitioner's already-executed final order of removal. *See Alcala v. Holder*, 563 F.3d 1009, 1013 (9th Cir.2009) ("Reinstatement of a prior order of removal is not automatic."); *see also Sanchez-Gonzalez v. Warden MDC Buaynabo*, 818 F. Supp. 3d 269, 275-76 (D.P.R. 2026) (denying the respondent's motion to dismiss and holding that the petitioner was not subject to enforceable final order of removal, as statutory basis for revocation of good time credits against his sentence; reasoning "[a]fter his second deportation, [the order of removal] was not enforceable, and the warden has not provided the Court with any evidence that it has been reinstated again since then. The immigration detainers do not imply otherwise.").

Nor is there any information before the Court that the due process provisions of the relevant governing regulation (8 C.F.R. § 241.8) were satisfied in connection with any reinstatement decision. *See Morales-Izquierdo*, 486 F.3d at 495-96. *Cf. Rodriguez-Garcia v. Warden, FCI-*

*Herlong*, No. 2:23-cv-0849-SCR-P, 2025 WL 3089355, at *3-5 (E.D. Cal. Nov. 5, 2025) (recommending denial of petition on the respondent's renewed motion to dismiss where the motion was supported by a copy of a reinstatement order of the petitioner's previously-executed final order of removal that properly was served on the petitioner), *F&R adopted by* 2026 WL 257636 (Jan. 30, 2026).

Accordingly, because Respondent has not demonstrated that Petitioner is the subject of a final order of removal, he fails to show that BOP is statutorily barred from applying Petitioner's earned FSA credits towards his release date. The motion to dismiss should be denied.

**Conclusion and Findings and Recommendation**

Accordingly, the Clerk of the Court is DIRECTED to assign a district judge to this action.

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. 22) be DENIED; and
2. Respondent be ordered to file an answer to the petition, accompanied by any and all transcripts or other documents relevant to the resolution of the issues presented in the petition, within 14 days of entry of any order adopting these findings and recommendations.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923

F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 2, 2026**

UNITED STATES MAGISTRATE JUDGE